ALBERT E. PICKEL, Appellant, *v.* MELVIN E. CONN and Another, Respondents.

Third Department, May 8, 1924

**Vendor and purchaser — action by purchaser to compel specific performance — contract to sell was executed by bank which held mortgages on land and not by owners — evidence does not show that bank had authority to act as agent for owners — ratification must be based on assumption of authority by agent to act — contract was not ratified by owners — complaint dismissed.**

In an action against the owners to compel the specific performance of a contract to sell real property in which it appears that the contract sued upon was executed by a bank that held mortgages on the land in question, the complaint should be dismissed, since there is no proof either by the contract itself or otherwise that the bank was authorized by the owners to act as agent in contracting to sell the land, and since it further appears that the bank purported to, and did actually act as principal in executing the contract, it having an understanding with the owners that they would convey the property to the bank in settlement of the mortgages.

Recovery cannot be had on the theory of ratification of the contract made by the bank, since ratification applies only to cases where the agent has assumed to act as such for the owners and the evidence in this case does not establish that the bank ever assumed to act as agent for the owners.

APPEAL by the plaintiff, Albert E. Pickel, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Montgomery on or about the 2d day of August, 1923, upon the decision of the court rendered after a trial at the Montgomery Special Term.

*Charles E. Hardies,* for the appellant.

*Harry V. Borst,* for the respondents.

HINMAN, J.:

This is an action to compel specific performance of a written contract to sell to the plaintiff real property described in the contract as certain premises in the city of Amsterdam, N. Y., " the deed of which now stands in the name of M. E. Conn " (the defendant). The written contract sued upon, however, was

executed by the First National Bank of Amsterdam, N. Y., as party of the first part and by the plaintiff as party of the second part. Neither of the defendants was a party to the contract and the contract is bare of any suggestion that the bank assumed to act as agent for either or both of the defendants. In fact, the only reasonable inference to be drawn from the contract itself is that the bank was acting as a principal rather than as an agent and expected to secure title in itself by deed or by foreclosure of mortgages held by it. There is nothing in the testimony to indicate that the plaintiff dealt with the bank as an agent. The officers of the bank did not intimate to the plaintiff that the bank had authority to act as the defendants' agent or that they were so acting and the plaintiff did not confer with any person except the officers of the bank in relation to the purchase. The defendants did not in any way hold the bank out as their agent to make this or any other contract with the plaintiff. The two officers of the bank who negotiated the contract and who conferred with the defendants with reference to the sale of defendants' property were witnesses for the plaintiff, and according to their uncontradicted testimony neither of the defendants knew of the execution of this contract until after it had been agreed upon and signed by the president of the bank and the plaintiff. The president of the bank says the contract was signed January 31, 1923, and that he did not talk with the defendant Conn about the contract until February second or third when they were considering certain judgments against Conn. It is undisputed that the defendants executed a deed of the property about eleven A. M. on February first, which was delivered to Mr. Morris, an officer of the bank. The name of the grantee was left blank in the deed. There is no claim that the defendants knew of the bank's contract with the plaintiff or of its intention to make that contract, at the time the deed was executed and delivered. The defendant Melvin E. Conn was indebted to the bank on certain notes secured by mortgage on the property. The undisputed testimony of Morris is that the defendant Melvin E. Conn had been asked by him whether he would deed the property to the bank or whether the bank would have to start foreclosure. The apparent understanding, which was not in writing, was that the bank should have a deed of the property and in some undefined way to assist in selling it, paying to Conn whatever equity was left after settling his obligations. A minimum selling price was agreed to. There is no claim that the plaintiff knew anything about the understanding between the bank and the defendants. Morris testified that the deed was signed by Conn and his wife and delivered to him between eleven

and twelve o'clock on February first; that the contract between the bank and the plaintiff was signed that afternoon a little after one o'clock; that he went down and got Mr. Pickel personally; that the defendant Melvin E. Conn happened to come in along about two o'clock that afternoon at which time the contract was read to Conn. If this is true, and the trial court has so found, the contract was not signed until after the bank had obtained a deed to the property from the defendant. The president of the bank testified, however, that his recollection was that the contract had been signed the preceding day. Certainly the contract was drawn in advance of obtaining the deed and made provision for postponing the transfer of a deed to the plaintiff in the event that a foreclosure of the bank's mortgage became necessary. In our view of the case, however, it is unimportant whether the execution of the contract preceded the execution of the deed or not. The deed was signed and delivered without knowledge on the defendants' part of the existence of the contract and without previous authority to execute it as defendants' agent. There is no claim that the plaintiff executed the contract with knowledge that the bank possessed this deed and in reliance upon it. Moreover the theory of the plaintiff is that the act of the bank in making this contract with the plaintiff was subsequently ratified by the defendant Melvin E. Conn. The plaintiff claims that after the contract was made by the bank and in the bank's name, Conn ratified it by introducing the plaintiff to the tenants in the building as the new landlord and by permitting the plaintiff to go into possession. It is undisputed that this happened on the afternoon of February first. The plaintiff had paid $1,800 to the bank at the time of executing the contract. He was required by the contract to make a further cash payment on February tenth. He failed to make such tender until February thirteenth, which failure he seeks to have excused for reasons not important to detail. In the meantime the defendants had become dissatisfied and served written notice upon Mr. Nisbet, the president of the bank, demanding the return of the deed. This notice referred to him individually as the agent of the defendants and purported to revoke his authority to act as such. The bank did not return the deed until February thirteenth, at which time it was claimed by the bank that the plaintiff was in default. The trial court has found that the bank was not authorized by the defendants to make the contract as agent of the defendants and that such contract was not ratified by the defendants or either of them and that the defendants are entitled to judgment dismissing the complaint. We agree with that conclusion.

Under the Statute of Frauds an agency to sell real property must be created by written authority. (Real Prop. Law, § 242.) The bank had no written authority to sell this property for the defendants. The contract to sell was made by the bank and in its own name. Nothing that the representatives of the bank did or said tended to show that it purported to act as an agent, avowedly or in fact. Under such a state of facts the defendants, by the subsequent acts of the defendant Melvin E. Conn, cannot be deemed to have ratified the act of the bank. " The doctrine [of ratification] properly applies only to cases where one has assumed to act as agent for another, and then a subsequent ratification is equivalent to an original authority." (*Hamlin* v. *Sears*, 82 N. Y. 327, 331.) Nor did the defendants or either of them do anything before the making of the contract which induced the plaintiff to make the contract. The contract had been signed and the $1,800 had been paid before the plaintiff dealt with the defendants, or either of them. Therefore, there could be no estoppel which could aid the plaintiff to compel specific performance of the contract. If there was any estoppel it was between the defendants and the bank. As to this the plaintiff was a stranger. To him there was no misrepresentation. " The rule of *caveat emptor* applies, and the purchaser must see to it that he buys of one who owns the property or has authority to sell." (*Hamlin* v. *Sears*, *supra*, 331.)

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.